ers who were the aggrieved parties. CPLR 7804 (subd [d]) provides, in pertinent part, that the proceeding 'shall be by a verified petition, which may be accompanied by affidavits or other written proof.' The document verified by the attorney was not a verified petition which complied with the statute *(Matter of Zelter v Nash,* 285 App Div 1214; *Matter of Weintraub v Gabel,* 41 Misc 2d 234)." The failure to adhere to the statutory procedure constitutes a jurisdictional defect and requires that the application be denied and the petition dismissed. In view of this disposition we have not considered whether the court was without power to require as a condition of dismissal of the indictment that the accused sign a waiver of immunity. CPL 190.50 (subd 5, par [b]) requires the signing and submission of a waiver of immunity as a condition of testimony before the Grand Jury by the accused. *(People v La Boy,* 87 Misc 2d 449; *People v Searles,* 79 Misc 2d 850; *People v Carter,* 73 Misc 2d 1040.) Concur—Birns, J. P., Fein, Sandler and Silverman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HARRIS, Appellant.—Judgment, Supreme Court, New York County, rendered on August 18, 1976, unanimously affirmed. Application by appellant's counsel to withdraw is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur—Sandler, J. P., Sullivan, Lane and Silverman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTO-PHER JOHNSTON, Also Known as CHRISTOPHER ROBINSON, Appellant.—Judgment, Supreme Court, New York County, rendered on September 15, 1976, unanimously affirmed. Application by appellant's counsel to withdraw is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur—Kupferman, J. P., Birns, Markewich and Lupiano, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE ELLIS, Appellant.—Judgment, Supreme Court, New York County, rendered on July 29, 1976, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur—Birns, J. P., Sandler, Bloom, Lupiano and Silverman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILL ATKINSON, Appellant.—Judgment, Supreme Court, New York County, rendered on July 29, 1976, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur—Birns, J. P., Sandler, Bloom, Lupiano and Silverman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNY DIGGS, Appellant.—Judgment, Supreme Court, New York County, rendered on July 29, 1976, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur—Birns, J. P., Sandler, Bloom, Lupiano and Silverman, JJ.

■ In the Matter of MANHATTAN CABLE TV SERVICES, DIVISION OF STERLING INFORMATION SERVICES, INC., Appellant, v MICHAEL FREYBERG et al., Constituting the Tax Commission of the City of New York, Respondent. —Order, Supreme Court, New York County, entered on April 19, 1977,